IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Orpha Roberts, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 8656 |
| | ) | |
| LVNV Funding, LLC, a Delaware limited liability company, Resurgent Capital Services, LP, a Delaware limited partnership, and Capital Management Services, LP, a Delaware limited partnership, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Orpha Roberts, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Orpha Roberts ("Roberts"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt owed for a Citibank/Sears credit card, which was then allegedly owed to a bad debt buyer, LVNV

Funding, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Resurgent Capital Services, LP ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendants Resurgent and LVNV are sister corporations. Defendant LVNV is a bad debt buyer and Defendant Resurgent manages collections of the debts that LVNV buys.

7. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer

debt it attempted to collect from Plaintiff.

8. Defendants are each authorized to do business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State attached as Group Exhibit A. In fact, all Defendants conduct extensive and substantial business in Illinois.

9. Defendants are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, all Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Roberts is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Citibank/Sears. At some point in time, Defendant LVNV bought Ms. Roberts' Citibank/Sears debt, and when Defendants began trying to collect the Citibank/Sears debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Specifically, Defendants LVNV and Resurgent hired at least two other debt collectors, Mercantile Adjustment Bureau ("Mercantile") and Eskanos & Adler ("Eskanos"), to demand payment of the Citibank/Sears debt from Ms. Roberts. Accordingly, on February 25, 2008 and March 22, 2008, one of Ms. Roberts' attorneys at LASPD informed Defendants, through its agents, Mercantile and Eskanos, that Ms. Roberts was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Roberts was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters

are attached as Group Exhibit C.

12. Undeterred, Defendants then had Defendant CMS send Ms. Roberts a collection letter, dated September 24, 2011, which demanded payment of the Citibank/Sears debt. A copy of this collection letter is attached as Exhibit D.

13. Accordingly, on December 2, 2011, Ms. Roberts' LASPD attorney had to send Defendants a letter, again directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters from Ms. Roberts' agent/attorney, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

4

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Roberts was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, through their agents, that Ms. Roberts was represented by counsel, and had directed a cessation of communications with Ms. Roberts. By directly sending collection letters to Ms. Roberts, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Orpha Roberts, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Roberts, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Orpha Roberts, demands trial by jury.

Orpha Roberts,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 6, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com